UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**CREGORY COLE** *et al.*,
:
               Plaintiff,
:
: **MEMORANDUM AND ORDER**
     – against –
: 23-CV-4097 (AMD) (ST)
:
**NASSAU COUNTY SHERIFF'S
DEPARTMENT DIVISON OF CORRECTION** :
and **NASSAU COUNTY CORRECTIONAL
CENTER**, :
:
               Defendants.
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

        On June 1, 2023, the *pro se* plaintiff, who is incarcerated at the Nassau County Correctional Facility ("NCCC"), filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") on his behalf and purportedly on behalf of 17 inmates. Mr. Cole appears to have drafted the complaint: he is the only plaintiff who has signed the complaint, and no other proposed parties have applied to proceed *in forma pauperis* ("IFP") or submitted a Prison Litigation Reform Act ("PLRA") authorization form. Accordingly, the Clerk of Court is directed to terminate all plaintiffs except for Cregory Cole from this action. The Court grants the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The plaintiff's complaint is dismissed, and he is granted 45 days' leave from the date of this order to amend.

## BACKGROUND

        The plaintiff alleges that on April 3, 2023, while detained at the NCCC, he found lead paint seeping from the sink into his water. (ECF No. 1 at 3.) He further asserts that there is black mold in the showers and asbestos in the air. (*Id.* at 4.) He alleges that he was "denied grievance" when he asked about these conditions and that he has experienced "stomach [aches],

headache[es], shortness of breath, joint pain and dizziness as a result. (*Id.* at 3-4.) Finally, the plaintiff alleges that the defendants did not take him to religious services. (*Id.* at 3.) The plaintiff seeks $300 million in damages. (*Id.* at 5.)

## STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In addition, Rule 8 of the Federal Rules of Civil Procedure requires the plaintiff to provide a short, plain statement of claim against each defendant named so that the defendants have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Because the plaintiff is proceeding *pro se*, I construe his amended complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The plaintiff's claims must be "read to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (internal quotations marks and citations omitted). The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

## DISCUSSION

### I. The Action will Proceed with Mr. Cole as the Sole Plaintiff

At the outset of this action, Mr. Cole submitted an application to proceed *in forma pauperis* and a PLRA authorization form. (ECF No. 2.) In civil actions filed by more than one plaintiff, district courts in the Second Circuit have held that each plaintiff must either submit an application to proceed *in forma pauperis* or pay the filing fee. *See Podius v. Fed. Bureau of Prisons*, No. 16-CV-6121, 2017 WL 1040372, at *2 (E.D.N.Y. Mar. 16, 2017) ("Where multiple plaintiffs file a joint action, each incarcerated plaintiff is required to pay the full filing fee."). Additionally, Mr. Cole is the only plaintiff to have signed the complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). Indeed, if Mr. Cole is not an attorney, he can only represent himself in a *pro s*e action; he may not represent other plaintiffs. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to

3

manage and conduct causes therein."); *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." (citation omitted)).  Accordingly, unless Mr. Cole is an attorney, this action will proceed with Mr. Cole as the sole plaintiff.  To the extent that other plaintiffs wish to assert claims on their own behalf, they may file their own civil complaints, or sign any amended complaint filed in this action. Any additional plaintiffs must also file a request to proceed IFP and submit a PLRA authorization form.

**II.  Section 1983 Claims**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

The Nassau County Police Department and the Nassau County Correctional Center cannot be sued because they are administrative arms of a municipality and have no legal identity separate from the municipality. *See Duchnowski v. Armor Correctional Health, Inc.*, No. 17-CV-6214, 2023 WL 2390544, at *1 n.1 (E.D.N.Y. Mar. 7, 2023) (noting that the Nassau County Sheriff's Department is an administrative arm of Nassau County, without a separate legal identity); *Morales v. Nassau Cnty. Dep't of Corr.*, No. 21-CV-2554, 2021 WL 4776632, at *3 (E.D.N.Y. Oct. 13, 2021) (dismissing claims against the Nassau County Correctional Center as an administrative arm of Nassau County). For this reason, the plaintiff's claim against the Nassau County Sheriff's Department and the Nassau County Correctional Center must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Given the plaintiff's *pro se* status, the Court has considered whether he has alleged a plausible Section 1983 claim against the municipality, Nassau County, and finds that he has not for the reasons that follow.

To state a Section 1983 claim against Nassau County, a plaintiff must plead that (1) there was an official municipal policy or custom and (2) that policy or custom caused him to be subjected to a denial of a constitutional right. *See Monell v. Dep't Soc. Servs.,* 436 U.S. 658, 690-91 (1978). A claim of municipal liability requires that plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order) (quoting *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006)). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers. *Anthony v. City of New York,* 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). A municipality cannot be held liable under Section 1983 solely on a *respondeat superior* theory. *Adames v.*

*County of Suffolk Ct.*, No. 18-CV-4069, 2019 WL 2107261, at *3 (E.D.N.Y. May 14, 2019). Here, the plaintiff does not plead any factual allegations from which the Court may infer that the conduct complained of was caused by a policy or custom of Nassau County. *See London v. Nassau Cnty. Corr. Facility*, No. 20-CV-0636, 2020 WL 1875292, at *3 (E.D.N.Y. Apr. 15, 2020).

## CONCLUSION

The plaintiff's complaint, filed *in forma pauperis*, is dismissed with prejudice against the Nassau County Police Department and the Nassau County Correctional Center pursuant to 28 U.S.C. § 1915A(b)(1). However, the Court grants the plaintiff 45 days from the date of this order to file an amended complaint against Nassau County and any individual defendants responsible for the conditions that he alleges deprive him of his constitutional rights. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). Any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the facts supporting the plaintiff's claims. In other words, the plaintiff's amended complaint should make factual allegations that raise the plausible inference that a policy, practice or custom of Nassau County caused the plaintiff's constitutional injuries.

In addition, the plaintiff may choose to identify the defendants who personally violated his constitutional rights. If the plaintiff names individual defendants as parties to this action, his amended complaint should state facts about these individuals' conduct or inaction that has caused him injury, such as the persons who "denied [him] grievance." If the plaintiff does not know the name of the individual defendants, he may identify them as John or Jane Doe and provide descriptive information about them and their places of employment so that they may be identified. The plaintiff must also provide the dates and locations for each relevant event.

The plaintiff's amended complaint will completely replace, not supplement, the original complaint. Accordingly, the plaintiff must include all the facts and claims he wishes to make in the amended complaint. The amended complaint must be captioned "Amended Complaint" and bear the same docket number "23-CV-4097 (AMD) (ST)". If the plaintiff does not comply with this Order within 45 days or does not cure the deficiencies discussed herein, the action will be dismissed. The Clerk of Court is respectfully requested to provide the plaintiff with a complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
July 20, 2023